# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-20-00133-CV

---

**M. R. and F. M., Jr., Appellants**

**v.**

**Texas Department of Family and Protective Services, Appellee**

---

**FROM THE 146TH DISTRICT COURT OF BELL COUNTY**
**NO. 303.459-B, THE HONORABLE JACK WELDON JONES, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellants M.R. (the mother) and F.M., Jr., (the father) appeal from the district court's decree, following a bench trial, terminating their parental rights to two-year-old K.M. and one-year-old K.A.M. (the children). Counsel for each parent has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967). We will affirm the district court's decree of termination.

The case began in August 2018, when the Texas Department of Family and Protective Services (the Department) received a report that the mother was using illegal drugs while caring for the children. In October 2018, the mother tested positive for amphetamine, methamphetamine, and marijuana, and the Department filed suit for termination of the mother's parental rights. The Department also sought to terminate the parental rights of the father, who had refused to cooperate with the Department and declined to take a drug screen, informing the

Department that if he chose to take a drug test, he would need to wait 30 days so that the results would be negative.

Department caseworker Monica Salazar testified that the mother and the father were each given a family service plan that they needed to complete to obtain reunification with the children. Both parents were required to complete psychological evaluations, individual counseling, and random weekly drug testing. The parents also were required to perform community service and pay child support in the amount of $200 per month. Additionally, the father was required to complete an Outreach, Screening, and Assessment Referral (OSAR).

The mother completed some services but not others. The mother completed her psychological evaluation but was discharged unsuccessfully from individual counseling. She failed to perform any community service hours and made only one $30 child-support payment. While the case was ongoing, the mother tested positive for marijuana on multiple occasions and missed numerous drug tests, which the Department presumed would be positive. At least two of the mother's positive drug tests occurred while she was pregnant with another child.

The mother testified at trial. When asked to explain why she tested positive for marijuana, the mother claimed that she "never physically smoked any marijuana." She added, "I've been around people that have done it, but I've never hit it or did anything." The mother testified that on the occasions she tested positive, she had nowhere to live other than with friends who smoked marijuana.

The father failed to comply with most of his court-ordered services. The father failed to complete his OSAR assessment and his psychological evaluation. He completed some individual counseling sessions but was discharged unsuccessfully from therapy. The father failed to complete any community service hours and failed to pay any child support. The father

2

tested positive for marijuana on multiple occasions while the case was ongoing and missed numerous drug tests, which the Department presumed would be positive.

The father was present at trial but walked out of the courtroom during the caseworker's testimony and did not testify. The Department presented evidence that in January 2019, while the case was ongoing, the father was arrested for assaulting the mother. At the time of trial, the father was out on bond for that offense.

The children were placed first with the father's sister, but after three weeks, she decided that she could not care for the children and returned them to the custody of the Department. By the time of trial, the father's sister had changed her mind, and she testified that she wanted to "get them back." She claimed that she had received a raise at work and now had a stronger support system that would enable her to be a better caregiver for the children. However, the children's guardian ad litem recommended against returning the children to the father's sister, remarking that the sister "has given the children back already one time" and opining that the court should not "take a chance on placing [the] children in a home that may or may not work out."

The children are placed currently in a foster home. The children's guardian ad litem had visited the children in that home, and she testified that the children were doing "amazing" there. She added, "They fit right into the family. It really is a perfect match." Salazar testified that the Department's plan was for the foster parents to adopt the children and that the foster parents wanted to adopt the children.

At the conclusion of trial, the district court found that termination of the mother's and the father's parental rights was in the best interest of the children and that the mother and the father had: (1) engaged in conduct or knowingly placed the children with persons who engaged

3

in conduct which endangered the physical or emotional well-being of the children; and (2) failed to comply with the provisions of a court order that specifically established the actions necessary for the mother to obtain the return of the children. *See* Tex. Fam. Code § 161.001(b)(1)(E), (O), (2). This appeal by each parent followed.

Court-appointed counsel for each parent has filed an *Anders* brief and a motion to withdraw as counsel, concluding that the appeal is frivolous and without merit. *See* 386 U.S. at 744; *In re P.M.*, 520 S.W.3d 24, 27 & n.10 (Tex. 2016) (per curiam) (approving use of *Anders* procedure in appeals from termination of parental rights because it "strikes an important balance between the defendant's constitutional right to counsel on appeal and counsel's obligation not to prosecute frivolous appeals" (citations omitted)). Each brief meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. *See* 386 U.S. at 744; *Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646-47 (Tex. App.—Austin 2005, pet. denied). Each counsel has certified to this Court that they have provided their client with a copy of the *Anders* brief and informed them of their right to examine the appellate record and to file a pro se brief. No pro se brief has been filed by either parent.

Upon receiving an *Anders* brief, we must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *Taylor*, 160 S.W.3d at 647. We have reviewed the entire record, including the *Anders* brief submitted on each parent's behalf. We have found nothing in the record that might arguably support an appeal, and we agree that the appeal is frivolous.

4

Accordingly, we affirm the district court's order terminating the mother's and the father's parental rights. We deny each counsel's motion to withdraw.[1]

_____

Gisela D. Triana, Justice

Before Chief Justice Rose, Justices Baker and Triana

Affirmed

Filed: May 6, 2020

---

[1] The Texas Supreme Court has held that the right to counsel in suits seeking termination of parental rights extends to "all proceedings [in the Texas Supreme Court], including the filing of a petition for review." *In re P.M.*, 520 S.W.3d 24, 27-28 (Tex. 2016) (per curiam). Accordingly, if after consulting with counsel either parent desires to file a petition for review, that parent's counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *See id.*